Faty ANSOUMANA, Jacques Legrand Ngouvi, Moussa Soumahoro, Mamadou Camara, Justin Obiang, Issa Diabate, Sidy Soukona, Dramane Zoungrana, Individually, and on behalf of all others similarly situated as class representatives, MBIA Mandodja KD, Gilbert Megala, Carlton Aloysius Williams, Songore Ibrahim, Morro Sanneh, Shabani Salum, Fobe Kaba Sakho, Ruseba Ndomoka, Bassirou Ndiaye, Manani Moussa, Eric Manirakiza, Masudi Hassan Maftah, Abdoulaye Kpegouni, Zongo Issaka Koudaogo, Alhagie Jallow, Omar Ibrahim, Abdoulaye Hamani Moussa Doumbia, Abdou Diop, Dramane Diabate, Mamady Cisse, Keba Cisse, Ablodevi Dogbo, Massamou Sacko, Omari Kagombe, Omar Cheick, Plaintiffs–Appellees,

v.

GRISTEDES OPERATING CORP.,
Defendant–Appellant,

Duane Reade Inc., Great Atlantic & Pacific Tea Company, Inc., and Shopwell, Inc., Defendants–Cross–Claimants,

Charlie Bauer, Great American Delivery Co., Inc., Charles Sbaur, and John Catismatidis, Defendants,

Scott Weinstein, individually, and, doing business as Hudson Delivery Service, Inc., Steven Pilavin, individually, and, doing business as Hudson Delivery Service, Inc., and Chelsea Trucking, Inc., also known as Hudson York, Defendants–Counter–Defendants,

Barry Abdoul, Michael Asante, Zecalo A. Bale, Omar Ceesay, Mamut Choi, Saliou Cisse, Serigue Guege, Kamara Ismaila, Amadou Keita, Mamudou Lowe, Ibrahima Ndiaye, Mohamed Sangare, Ahmet Sarr, Mallick Seck, Joseph Kiendrebeo, Ousmane Traore, and Modou Diop, Claimants.

No. 06–2859–cv.

United States Court of Appeals,
Second Circuit.

May 3, 2007.

Kevin J. Nash, Finkel Goldstein Rosenbloom & Nash, LLP, New York, NY,* for Appellant.

ReNika C. Moore (Adam T. Klein, Linda A. Neilan, of counsel), Outten & Golden LLP, New York, NY; Catherine K. Ruckelshaus, National Employment Law Project, New York, NY (of counsel), for Appellees.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT D. SACK, Circuit Judges, Hon. DONALD C. POGUE,** Judge.

### SUMMARY ORDER

Defendant-appellant Gristedes Operating Corp. challenges the district court's denial of its motion to compel production of various documents related to tax payments made in connection with the disposition of settlement proceeds from a Fair Labor Standards Act lawsuit. We assume the parties' familiarity with the underlying facts and procedural history of this case.

The gist of Gristedes' appeal is that (1) it faces potential liability for taxes it admits are owed not by it, but rather by a qualified settlement fund established by a settlement agreement between the parties in this action; and (2) as a result, it is entitled to "police and supervise" the settlement fund to determine its compliance with the Internal Revenue Code.

Gristedes cites no authority for these propositions or the other assertions made in its brief. And we find no basis in the record upon which to conclude that the district court's denial of its motion was an abuse of discretion or otherwise erroneous.

Gristedes also appealed a May 16, 2006 Order releasing its final installment payment into the settlement fund from escrow. We note, however, that it has now abandoned that appeal. *See* Appellant's Br. at 1, n. 1.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.

---

* The Court was informed on the eve of the scheduled oral argument that Mr. Nash was, for ample reason, unable to attend. At the time of the scheduled argument, the appellees presented no substantive argument. We then took this case under submission on the express understanding that if any one of the three members of the panel was of the view that oral argument would likely be helpful, the panel would reconvene to hear it. Upon further consideration, no member of the panel has asked for such oral argument.

** The Honorable Donald C. Pogue, of the United States Court of International Trade, sitting by designation.